# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY SIMS, | Case No. 1:14-cv-01130-SKO (PC) |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| C. LESINAK, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

## **First Screening Order**

**I.      Screening Requirement and Standard**

Plaintiff Quincy Sims, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 21, 2014.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. However, prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

**II.     Discussion**

    **A.     Allegations**

Plaintiff, who is currently incarcerated at Centinela State Prison in Imperial, California, brings this action against Lieutenant C. Lesniak and Correctional Officers John Doe 1 and John Doe 2. Plaintiff's claim arises out of the confiscation of his personal property at Kern Valley State Prison in Delano, California. Plaintiff alleges that Defendant Lesniak confiscated his personal property on September 18, 2013, as a result of his transfer to administrative segregation. When Plaintiff's property was subsequently reissued to him, some items were missing, including his CD player, six CDs, a bottle of prayer oil, and an RCA jack. Plaintiff filed an inmate appeal against Defendants Lesniak and Does 1 and 2 stating that his missing property was on his approved-property inventory sheet and that he was never issued a Rules Violation Report, but the appeal was never returned.

### B. <u>Confiscation of Personal Property</u>

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533.[1]

It is unclear from Plaintiff's complaint what happened to his missing property items or what precise role the defendants played in its disappearance. Plaintiff's inclusion of the allegation that the items were on his approved-property list and he was not issued a Rules Violation Report to support the confiscation suggests that he knows what happened to the items and they did not simply disappear due to loss or theft. Also, although Plaintiff alleges the items were confiscated without due process, that assertion is undercut by his apparent knowledge of what happened to the items. *Nevada Dept. of Corrections v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1823 (2012). Due process generally requires notice and an opportunity to be heard but the concept is flexible and does not necessarily require, for example, an individual pre-deprivation hearing. *Greene*, 648 F.3d at 1019. As presently pled, Plaintiff's allegations fall short of supporting a viable due process claim under section 1983, but the Court will provide Plaintiff with the opportunity to clarify the basis for his claim.

///

///

---

[1] California provides an adequate post-deprivation remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§810-895).

### III. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). However, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///
///
///
///
///

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

Dated:   **April 21, 2015**                               **/s/ Sheila K. Oberto**
                                                        UNITED STATES MAGISTRATE JUDGE