# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY SIMS, | Case No. 1:14-cv-01130-SKO (PC) |
| Plaintiff, | SECOND SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| C. LESINAK, et al., | (Doc. 9) |
| Defendants. | |

## Second Screening Order

### I. Screening Requirement and Standard

Plaintiff Quincy Sims, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 21, 2014. On April 22, 2015, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. Plaintiff filed an amended complaint on May 11, 2015.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. However, prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

**II.   Discussion**

    **A.   Allegations**

Plaintiff, who is currently incarcerated at Centinela State Prison in Imperial, California, brings this action against Lieutenant C. Lesniak and Correctional Officers John Doe 1 and John Doe 2. Plaintiff's claim arises out of the confiscation of his personal property at Kern Valley State Prison in Delano, California. Plaintiff alleges that Defendants Lesniak, Doe 1, and Doe 2 confiscated his personal property on September 18, 2013, as a result of his transfer to administrative segregation. On September 23, 2013, Plaintiff was released back to general population, where he was again eligible to possess the property that had been confiscated. When Plaintiff's property was reissued to him, CD player, six CDs, an A/C adaptor, Muslim prayer oil,

1  and an RCA jack were missing.  Plaintiff alleges that these property items were confiscated
2  without due process of law and he seeks their return.

### B. Theft or Loss of Personal Property

Section 1983 claims must be premised on the violation of the Constitution or other federal rights. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009).  The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2974 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).  However, the Due Process Clause is not violated by a random, unauthorized deprivation of property if the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994).  In this case, Plaintiff's allegations and exhibits indicate that the missing property items were either lost or stolen by staff, and as Plaintiff has an adequate post-deprivation remedy under California law, his attempt to pursue a claim under federal law for the loss or theft of his personal property items fails as a matter of law.  *Barnett*, 31 F.3d at 816-17 (citing Cal. Gov't Code §§810-895).

### III. Conclusion and Order

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983.  Plaintiff was previously provided with notice of the deficiencies and an opportunity to amend, and based on the nature of the deficiencies, further leave to amend is not warranted. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

Dated:  **June 2, 2015**                    **/s/ Sheila K. Oberto**
                                         UNITED STATES MAGISTRATE JUDGE